Mary M. Davison v. Commissioner.
Davison v. Commissioner
Docket No. 27444.
United States Tax Court
1953 Tax Ct. Memo LEXIS 305; 12 T.C.M. (CCH) 376; T.C.M. (RIA) 53114; April 8, 1953
*305 Petitioner failed to file returns for 1946 and 1948 and failed to keep adequate books and records. Her net income determined from bank deposits, cancelled checks, and other evidence. 1. Held, negligence penalty properly determined. 2. Held, further, petitioner's failure to file returns for 1946 and 1948 was without reasonable cause. Mary M. Davison, pro se. James R. Harper, Jr., Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: This proceeding involves deficiencies in income tax for 1946, 1947, and 1948, and penalties asserted for negligence and delinquency. The petitioner filed a return for 1947 but failed to file returns for 1946 and 1948. Her records were inadequate and the dispute concerns the proof of income and expenses. After the case was at issue the respondent, by amended answer, claimed increased deficiencies. At the hearing the respondent made certain concessions decreasing net income. The deficiencies, 5 per cent negligence penalties and 25 per cent delinquency penalties for failure to file returns asserted originally and claimed by the amended answer, and the amounts claimed after concessions made *306 at the hearing are: Deficiency
Amended
After Con-
Notice
Answer
cessions
1946 deficiency
$1,588.82
$1,588.82
$ 981.86
5% penalty
79.44
79.44
49.09
25% penalty
397.21
397.21
245.47
1947 deficiency
2,229.10
2,792.72
2,436.97
5% penalty
111.46
139.64
121.85
1948 deficiency
2,002.00
2,567.39
452.00
5% penalty
100.10
128.37
22.60
25% penalty
500.50
641.85
113.00
Findings of Fact The petitioner now resides in West Palm Beach, Florida. During the years 1946, 1947, and 1948 she resided in Pittsburgh, Pennsylvania. She filed an individual income tax return for the calendar year 1947 with the collector of internal revenue at Pittsburgh. She did not file returns for the years 1946 or 1948. During the taxable years the petitioner was engaged in business as an operator of boarding houses and nursing homes in Pittsburgh. She operated a nursing home at 314 North Neville Street during these years. She operated a rooming house for nurses at 110 West North Avenue during 1946 and until April or May 1947. In September 1946 she and one Amelia B. Gleason, as equal partners, purchased from the petitioner's sister, Katherine C. Shannon, *307 a nursing home at 227 Negley Avenue. The petitioner and Mrs. Gleason operated this during 1947 and 1948 as the Amelia B. Gleason Nursing Home. The petitioner did not keep books or records from which her income and expenses may be determined. The return filed for 1947 reported income of $13,578.61, including income of $1,478.61 from the partnership and from the Neville Street boarding house. Total deductions of $14,988.86 were claimed, with no net income shown. Deductions claimed were for expenses: food $3,127.60, labor $5,480, material and supplies $180, depreciation on boarding house furniture and equipment $500; and rent, repairs, water bills, and other expenses $1,860.47. A loss of $1,000 was claimed on account of sale of a rooming house because of loss of lease. A contribution of $500 to the family of the petitioner's brother was claimed as well as medical expenses of $50, and an unexplained loss of $2,888.86 was claimed under "Income from rents and royalties." The partnership of the petitioner and Mrs. Gleason filed returns of income for 1947 and 1948 which were signed by the petitioner. Net income of $2,957.23 for 1947 and $5,406.79 for 1948 were reported. The actual net *308 income of the partnership for 1947 was $6,261.53 and for 1948 was $9,000.24. One half of this was income of the petitioner. The rooming house operated by the petitioner at 110 West North Avenue was in leased premises. The lessors refused renewal of the lease to the petitioner and she sold the business and furnishings in April or May of 1947 to one Charles H. Hess for $2,500, which was paid in installments over a period of several months. The petitioner borrowed $1,250 from her sister in March 1946, of which $1,225 was deposited in the petitioner's bank account. This loan was later repaid. The petitioner maintained a checking account at the Mellon National Bank and Trust Company. Her deposits to this account, as adjusted, amounted to $18,305.23 for 1946; $17,576.16 for 1947; and $8,846.65 for 1948. The petitioner produced certain cancelled checks which represented payments in the taxable years of expenses incurred in her operations. These were classified as follows: 1946
1947
1948
Utilities and sup-
plies
$1,331.83
$1,031.10
$801.78
Repairs
613.96
224.51
193.03
Misc. expenses
84.92
290.40
113.94
Food
2,486.00
1,634.17
658.73
The petitioner's *309 adjusted gross income for the taxable years was $5,000 for 1946, $10,000 for 1947, and $3,551.93 for 1948. There was no reasonable cause for the petitioner's failure to file returns for the taxable years 1946 and 1948. At least a part of the deficiencies for the taxable years 1946, 1947, and 1948 are due to negligence on the part of the petitioner. Opinion The petitioner's failure to maintain even a minimum of records of her receipts and expenditures has led to her difficulties here and has imposed a burden upon the Government and this Court in arriving at an approximation of her true net income. A record of her bank deposits and a quantity of cancelled checks were produced at the hearing. She testified concerning a loan from her sister and certain payments for a sale of one of her rooming houses. She asserted that there were other business expenses paid in cash but could not estimate these. The respondent suggests that from the nature of her rooming house and nursing home business it is quite reasonable to believe that some of her patients or roomers paid her in cash which was not deposited but was used for business or personal expenses, and thus was not recorded as income *310 on the one side or as expense on the other. The respondent, after the initial deficiency notice and after the petition was filed found additional income not included in the first determination and, by amended answer, asks for increased deficiencies. These were based upon the disclosure of additional income from the partnership doing business as Gleason Nursing Home which was not reported in the petitioner's 1947 return and not included in the original determination for 1948. The petitioner has accepted these additional amounts as correctly determined and hence the burden of proving any error in the deficiencies asserted by the amended answer is upon the petitioner. The respondent made certain concessions with reference to the deposits to the petitioner's bank account, excluding from income amounts which represented errors in the revenue agent's estimates, or loans rather than income. The expenses proved by the petitioner amount to more for 1946, but less for 1947 and 1948, than the expenses estimated and allowed by the revenue agent in the initial determination. We have considered the evidence and have found the amounts of the petitioner's adjusted gross income for each of the *311 taxable years. From this the deficiencies may be recomputed under Rule 50. The respondent's request for penalties for negligence and delinquency is approved. Decision will be entered under Rule 50.